IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

MANDY N. HABERMAN,

               Plaintiff,

                                       MEMORANDUM AND ORDER

    v.                                          05-C-224-S

GERBER PRODUCTS COMPANY,

               Defendant.

---

Plaintiff Mandy N. Haberman commenced this patent infringement action alleging that defendant Gerber Products Company manufactures and sells non-spill cups and replacement valves which infringe her United States Patents Nos. 6,102,245 and 6,116,457. At the conclusion of trial the jury returned a verdict finding that defendant's products do not infringe either patent and that the '457 patent is invalid as anticipated. The Court subsequently granted judgment as matter of law that the defendant's product infringed the '457 patent, affirming the jury's findings in all other respects. The Federal Circuit Court of Appeals reinstated the jury's finding of non-infringement, reversed the judgment of anticipation and remanded for further proceedings on the obviousness of the '457 patent. The matter is presently before the Court on cross motions for summary judgment on the obviousness issue.

BACKGROUND

Defendant Gerber manufactures and sells a line of spill-proof cups and replacement valves.  The valves in its cups are curved inwardly such that they are convex to the interior of the cup and the direction of flow of the liquid.

The '457 patent was issued on September 12, 2000.  It includes a single independent claim.

> 1.  An article through which or from which a drinking liquid is taken by a consumer, the article having a spout provided with a valve comprising a membrane of resiliently flexible material, said membrane being provided with at least one split adapted such that the liquid may be drawn from or through said article by the sole application of a predetermined level of suction in the region of said valve, characterized in that the membrane has a normal condition in which it is dished inwardly of the article, opposite the direction through which the drinking liquid is taken in use of the article and is adapted to close up by returning to the normal inwardly dished condition under its own resilience when such suction is removed.

The claims submitted in the application that ultimately led to the granting of the '457 patent ("'457 application") contained no reference to operation by the sole application of suction.  The original claims were rejected on the basis of anticipation and obviousness.  Plaintiff added the language related to operation by the sole application of suction in an effort to overcome the prior art, particularly the Coy patent.

United States Patent No.5,186,347 to Freeman ("Freeman patent") is prior art to the '457 patent.  The Freeman patent teaches a flat valve operable by suction for use in a drinking cup.

United States Patent No. 5,071,017 to Stull ("Stull patent") is prior art to the '457 patent.  The Stull patent teaches a variety of valves, including inwardly dished valves for use in squeeze bottles.

United States Patent No. 5,213,236 to Brown ("Brown patent") is prior art to the '457 patent.  The Brown patent relates to a dispensing package for fluid products such as liquid soaps and particularly to a valve in such a product.

> The valve includes a marginal flange, a valve head with a discharge orifice therein, and a connector sleeve having one end connected to the valve flange and the opposite end connects with the valve head adjacent a marginal end thereof.  The connector sleeve has a resiliently flexible construction, such that when pressure within the container raises above a predetermined amount, the valve head shifts outwardly in a manner which causes the connector sleeve to double over and extend rollingly.

Brown patent abstract.  Figure 10 depicts a preferred embodiment of the Brown valve.


FIG. 10

United States Patent 5,954,237 to Lampe ("Lampe patent") is prior art to the '457 patent. The Lampe patent relates to a dispensing valve closure with a self sealing dispensing valve and an inner seal for beverages. Lampe cites that valve in Brown as appropriate for use in its claimed device and incorporates the Brown patent by reference. Col. 1, ln. 60-65. It teaches that fluids are dispensed from the device by squeezing the package. Col. 3, ln. 3-5. Figure 3 of Lampe depicts a preferred embodiment.



FIG. 3

Prior to trial the Court rejected defendant's summary judgment motion to find that Lampe anticipates the '457 patent. The basis for denying the motion was that the element of operation by "sole application of a predetermined level of suction" was not expressly disclosed in Lampe.

The Court also addressed the issue of obviousness in the summary judgment order:

> The issue here is whether it would have been obvious to one of ordinary skill in the art to combine the convex-to-flow valve from the squeeze bottle prior art of Brown and Lampe with the teachings of trainer cup prior art to produce the suction operated vessel of the '457 patent. The evidence presented on this motion is insufficient to find by clear and convincing evidence that this combination was obvious as a matter of law. While defendant Gerber has compared the invention with the prior art it has provided virtually no evidence relevant to the motivation to combine, or to overcome objective evidence of non-obviousness. Concerning the motivation to combine, Brown and Lampe each teach away from

5

> creating a pressure differential by operation of suction teaching instead to increase internal pressure by squeezing the container.
>
> ....Evidence provided by plaintiff suggests that she has successfully licensed the invention to others and that defendant Playtex copied the invention for use in its competing products. Defendant Gerber offers nothing to counter this evidence or to suggest alternative reasons for the invention's success other than its novelty. While defendants may be able to demonstrate obviousness at trial, the evidence presently before the Court presents factual issues which preclude summary judgment.

The Court subsequently construed this element and instructed the jury as follows:

> As used in claim 1 of the '457 patent the phrase "adapted such that liquid may be drawn from or through said article by sole application of suction" means that it is possible for the user to draw the drink from the vessel using only suction.

The jury found the '457 patent anticipated. In overturning the jury verdict of anticipation the Court of Appeals noted that facts had not been sufficient to establish that the Brown valve was necessarily operable by suction. The Court remanded for a jury determination on the issue of obviousness.

MEMORANDUM

Prior to trial, the Court addressed and rejected a motion to determine obviousness as a matter of law finding a fact question on whether it would have been obvious "to combine the convex-to-flow

6

valve from the squeeze bottle prior art of Brown and Lampe with the teachings of trainer cup prior art to produce the suction operated vessel of the '457 patent."  In doing so, it reviewed the relevant prior art and the '457 prosecution history and evidence of non-obviousness.  It follows that in order to obtain summary judgment on the issue the parties would have to do more than merely resurrect the identical arguments made at the time of the first summary judgment motion.  There has been no suggestion that new or different prior art has been discovered.  Nor has new evidence concerning the objective factors of non-obviousness been presented.

Defendant argues that the prior outcome should be reversed based on the revised obviousness standard of <u>KSR Intern. Co. v. Teleflex, Inc.</u>, 127 S. Ct. 1727 (2007).  Plaintiff reiterates the positions she took in opposition to the first motion.  Neither party offers a persuasive argument to reverse the prior conclusion that the issue of obviousness is one of fact for the jury.

<u>KSR</u> did not fundamentally alter obviousness analysis and did not alter the analysis in a way that affects the outcome of the pending motions.  KSR affirmed the idea that

> it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine elements in the way the claimed new invention does.  This is so because inventions in most, in not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known.

Id. at 1741.  However, it rejected a rigid and formalistic approach to proving a teaching, suggestion or motivation to perform the combination in favor of broader, more common sense approach to the issue.  Id. at 1740-42.  As KSR recognized, this approach had been implemented in prior, apparently consistent Federal Circuit opinions in conflict with the circuit court decision under review. Id. at 1743.

Nothing in the initial summary judgment decision suggests that the denial of summary judgment was based on a formalistic application of the "teaching, suggestion and motivation" test condemned in TSR.  Rather, the Court found that the conflicting facts, including the clear availability of all elements in the prior art, offset by limited evidence of motivation to combine and substantial objective evidence of commercial success and copying, raised a triable issue of fact.  Nothing in the intervening proceedings, the analysis in KSR or the arguments of the party in support of their respective motions suggests that the issue can now be resolved as a matter of law.

As the Court of Appeals noted in its anticipation analysis, the evidence was conflicting concerning whether one of ordinary skill would have known that the inwardly dished valves could operate solely by suction.  Apparently for this reason, even with the benefit of the recently decided KSR, the Court "remanded for a

jury determination on obviousness." <u>Haberman v. Gerber Products Co.</u>, 2006-1490, -1516, Slip op. at 12.

ORDER

IT IS ORDERED that plaintiff's motion for summary judgment of non-obviousness of the '457 is DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment of obviousness of the '457 patent is DENIED.

Entered this 18th day of October, 2007.

BY THE COURT:

/s/

JOHN C. SHABAZ
District Judge